IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCO CHEVERE RODRIGUEZ, et al.,

    Plaintiffs,

    v.

INES BARNES PAGAN, et al.,

    Defendants.

CIVIL NO. 00-2039 (RLA)

**ORDER GRANTING CODEFENDANT PADILLA'S MOTION TO DISMISS**

Before the Court is codefendant EDWIN PADILLA's motion to dismiss the complaint based on lack of jurisdiction, failure to state a claim and failure to file within the statute of limitations[1] (docket No. 178). Plaintiffs have opposed (docket No. 179).

Background

PADILLA claims that he is not and has never been an employee of the Municipality of Bayamon. Therefore, he argues, he was not acting under color of law at the time that the incidents in the complaint occurred and thus jurisdiction is lacking under 42 U.S.C. § 1983. PADILLA also cursorily asserts that plaintiffs failed to state a claim against him upon which relief can be granted in the Amended

---

[1] Inasmuch as the Court of Appeals for the First Circuit has determined that the complaint was filed within the one-year term allowed by the statute of limitation, the Court will not discuss this issue herein. See Chevere-Rodriguez v. Pagan, 114 Fed. Appx. 412, 2004 WL 2634490 (1st Cir 2004).

**CIVIL NO. 00-2039 (RLA)**                                                         **Page 2**

Complaint. In response, plaintiffs argue that a private person can be found to have violated the Equal Protection Clause of the Fourteenth Amendment if he/she participates with a state official in a conspiracy to discriminate. Bolstering their argument with the case of <u>Glaros v. Perse</u>, 628 F.2d 679 (1st Cir. 1980), plaintiffs assert that a private person's willful participation in joint activities with the state or its agents will lead to an inference that the private action was taken under color of state law.

## DISCUSSION

The Court has reviewed the allegations against PADILLA in the complaint and has carefully analyzed the holding in <u>Glaros</u>, and finds that plaintiffs' generalized allegations as to this defendant are insufficient to state a claim under 42 U.S.C. § 1983.

The sole statement in the complaint that exclusively pertained to PADILLA is:

> 9. On or about 1997, codefendant Edwin PADILLA, displayed a conduct of threats and reprisal against Plaintiffs, because of the investigations conducted by the Comptroller of Puerto Rico in regard to said co-defendant's contracts with the Municipality.

Nothing more is said to further describe these threats or "reprisals" or to describe how PADILLA's actions deprived plaintiffs of the due process of law, the equal protection under the laws, or Sections 1, 7, and 8 of the Bill of Rights of the Constitution of Puerto Rico, as cited in the complaint.

**CIVIL NO. 00-2039 (RLA)**                                                                 **Page 3**

"[W]e do not think it is unrealistic or unfair to expect a plaintiff to describe briefly in his complaint the activities of each defendant said to have [conducted threats or reprisals] and how his constitutional rights were impinged upon." Glaros v. Perse, 628 F.2d at 684.

Indeed, not only are the allegations against PADILLA insufficient to depict a violation of a federally protected right, but they also do not suffice to state a claim under color of state law, a requirement of section 1983. Apart from conclusory statements that all defendants acted under color of law, and generalized statements of conspiracy between all defendants, there was only an additional mention of PADILLA, alleging that he and the other codefendants "became the witnesses against Plaintiff" FRANCISCO CHEVERE in a hearing to determine probable cause to charge CHEVERE for weapons violations and disturbing the peace. See Complaint at Par. 14; Glaros, id.

We fail to see how this alleged conduct can make out a claim that PADILLA acted under color of state law. Because "[a]lthough it is true that private parties jointly engaged with state or local officials in prohibited conduct can be said to act under color of state law," Glaros, at 685 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)) general allegations of cooperation between private individuals and government officials, pled without further detail, do not fulfill the established and well-recognized

**CIVIL NO. 00-2039 (RLA)**                                                                 **Page 4**

requirement "that some factual basis supporting the existence of a conspiracy must be pled when a conspiracy is alleged in a civil rights case." <u>Francis-Sobel v. University of Maine</u>, 597 F.2d 15, 17 (1st. Cir.), <u>cert.</u> <u>denied</u>, 444 U.S. 949 (1979).

Accordingly, and in view of the above, we hereby **GRANT** codefendant PADILLA's motion to dismiss (**docket No. 178**) for lack of jurisdiction and failure to state a claim upon which relief might be granted.  Partial Judgment to issue.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 2nd day of February, 2006.

                                                      S/Raymond L. Acosta
                                                    RAYMOND L. ACOSTA
                                     United States District Judge